UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
WILLIAM BOERTLEIN,

                    Plaintiff,

-against-

NOT FOR PUBLICATION
**MEMORANDUM &
ORDER**
08-CV-5098 (CBA)

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
------------------------------------------------------------------x
AMON, United States District Judge:

      William Boertlein has sued the Commissioner of Social Security pursuant to 42 U.S.C.

§ 405(g), seeking review of the Commissioner's determination that, notwithstanding a back

injury that forced him to retire from active duty police service, Boertlein was not disabled within

the meaning of the Social Security Act because, during the relevant period, he retained the

residual functional capacity to perform sedentary work. The case is remanded for further

administrative proceedings consistent with this order.

## BACKGROUND

      In October 2003, Boertlein submitted a claim for disability benefits, alleging a disabling

back injury with an onset date of August 28, 1982. The administrative law judge (ALJ) denied

benefits, finding that, during the relevant period (August 28, 1982 to December 31, 1986),

Boertlein did not have a "severe impairment" within the meaning of the social security

regulations. (Tr. 15–20.)

      Boertlein challenged that determination in federal court and, after a stipulated remand,

the Appeals Council identified two principal deficiencies in the ALJ's decision, which decision it

ordered the ALJ to reconsider. (Id. at 150–51.)

The first deficiency was that, in his original decision, the ALJ found no severe impairment notwithstanding record medical evidence that suggested a severe impairment. That evidence included the New York Police Department Medical Board's August 1981 diagnosis of "low back derangement with radiculopathy and spondylolisthesis" as well as its clinical and laboratory findings and the Board's determination that Boertlein was "disabled for police duty."

The Appeals Council also observed that the record contained treating neurologist Dr. William Sonstein's May 2005 report that Boertlein had a more than twenty-year history of severe back problems, had a history of pain management (including epidurals), and had an "L4 to S1 fusion [surgery] for severe degenerative instability at L4-5 and L5-S1."

Moreover, the Appeals Council noted, there was treating physician Dr. Stanley Feingold's 1980 to 1981 workers compensation reports, in which Dr. Feingold stated that Boertlein was disabled because of a "lumbosacral sprain superimposed on spondylolisthesis."

The second deficiency identified was that the ALJ, in his first decision, had misleadingly described Boertlein's testimony about the extent of his physical limitations during the relevant period. For example, the ALJ had "acknowledged that the claimant testified that he had been 'bedridden because of pain' but not that he had testified that this had been for a period of 'about 5 months.'"

Moreover, the ALJ "acknowledged that the claimant testified that he could 'sit and stand fifteen to twenty minutes' but not that he had testified that he had to move or shift after sitting for this period of time and not that he had to rest after standing for this period of time."

After the remand, the same ALJ who had previously denied benefits again found that Boertlein was not disabled. (Id. at 131–36.) This time, the ALJ found that, between August 28, 1982 and December 31, 1986, Boertlein had a severe impairment (lumbar derangement with

2

radiculopathy) that prevented him from performing his past relevant work as a police officer. The ALJ found, however, that, during the relevant period, Boertlein retained the residual functional capacity to perform sedentary work, which rendered him not disabled and not entitled to benefits.

## DISCUSSION

The Court remands this case for further administrative proceedings because the ALJ mischaracterized record evidence central to his no-disability determination.

First, the ALJ's repeated statement that, "[a]lthough asked," Dr. Feingold "did not check the boxes that the claimant had a total or even partial disability" in what the ALJ called Dr. Feingold's "reports dated March 1980 to October 1981" is misleading. (Id. at 134.) Those reports, which are workers compensation forms, provide (relevant here) two opportunities to mark boxes. (Id. at 85–91.)

The first opportunity is in response to the question whether the claimant is "disabled." The answer to that question can be either "yes" or "no." Dr. Feingold marked yes on all seven workers compensation forms. The second opportunity arises only if the answer to the first question is yes. If the answer is yes, the form asks the reporting doctor to state whether the disability is a "total disability" or "partial disability." Dr. Feingold did not specify the degree of disability on any of the seven forms in the record.

As this description of the reports should make clear, to say, as the ALJ did twice, that Dr. Feingold did not say in the workers compensation reports that Boertlein had a total or even partial disability is not to fairly state the doctor's opinion.

Second, the ALJ stated that in 2001, "15 years post-date last insured, Dr. [Thomas] Mango reported that the claimant had moderate to significant improvement." (Id. at 134.) That

statement is not incorrect on its face: it is true that Dr. Mango said in his June 20, 2001 report that Boertlein "made significant improvement with his Medrol Dos Pak" and that his "pain was markedly improved." (Id. at 95.)

But the statement must be evaluated in context. In the very same eighty-one word paragraph that the ALJ cited, Dr. Mango stated: "However, recently he has had some regression in his improvement and some increase in his symptoms. He comes in today to discuss the possibility of surgery versus epidural injections." (Id.) That regression appears to have been significant (or the progress that it followed insignificant) because, in February 2003, Boertlein had the surgery that he and Dr. Mango discussed during their June 2001 meeting.

These errors are not peripheral to the no-disability determination. The misrepresentation of Dr. Mango's report is central to the penultimate paragraph of analysis, in which the ALJ purported to identify weaknesses in several pieces of medical evidence and highlight what he believed to be the general irrelevance of the majority of the medical evidence, which was all from "9 to 15 years post the date last insured." (Id. at 134.)

The repeated statement about Dr. Feingold's reports appears to be even more critical to the decision. It appears to be the core of the ultimate paragraph of analysis, which reads: "His treating physician did not even find a partial disability during that time. The Administrative Law Judge finds that up until the date last insured, there are no objective findings establishing disability." (Id.) Those sentences suggest that the supposed failure of Dr. Feingold to report disability was central to the ALJ's decision.

The errors counsel a remand for consideration of the record that actually exists. See, e.g., Butler v. Comm'r of Soc. Sec., No. 07-CV-4972, 2009 WL 1605352, at *4 & n.2 (E.D.N.Y. June 5, 2009) ("By wrenching Ms. Butler's statement out of context, the ALJ effectively reversed its

meaning and used it to impeach a physician's report which it actually supported."); Rodriguez v. Astrue, No. 07 Civ. 534, 2009 WL 637154, at *29–30 (S.D.N.Y. Mar. 9, 2009) ("the ALJ took statements she made about activities that she was able to perform out of context, thereby affirmatively misrepresenting her testimony in his decision"); Andino v. Bowen, 665 F. Supp. 186, 191 (S.D.N.Y. 1987) (contrary to statement in ALJ's decision, consulting psychiatrist specifically found that plaintiff suffered from a psychiatric disorder).

## CONCLUSION

In view of the foregoing, and the fact that the Court cannot conclude that "the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose," Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980), this case is remanded under the fourth sentence of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this opinion.

On remand, the ALJ is directed to (1) consider the medical evidence in the record in determining whether Boertlein was disabled during the relevant period; (2) consider securing retrospective residual functional capacity findings from Boertlein's treating physicians; (3) evaluate the credibility of Boertlein's testimony about the extent of his impairments during the relevant period; and (4) take any further steps necessary to comply with the Appeals Council's remand order and to properly adjudicate Boertlein's claim for disability benefits.

SO ORDERED.

Dated: Brooklyn, New York
March 31, 2011

-s/CBA

Carol Bagley Amon
United States District Judge

5